## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

JNW and SAW, minors, by
their mother and next friend
GAIL R. WILLIAMS
305 Decatur Street, N.W.
Washington, DC  20011

          Plaintiffs,

v.

JEFFREY W. BEAN
6666 E. Cheney Dr.
Scottsdale, AZ  85253

and

SYDNEY O. SKILLMAN
6666 E. Cheney Dr.
Scottsdale, AZ  85253

and

WASHINGTON LAND COMPANY,
INC.
1804 T. St., N.W.
Washington, DC  20009

          Defendants.

Case No. _____

---

## NOTICE OF REMOVAL

Come now the Defendants, Jeffrey W. Bean and Sydney O. Skillman, by

and through their counsel, Whiteford, Taylor & Preston, LLP, and pursuant to 28

U.S.C. §§ 1441 and 1443, remove to this Court the instant action, now pending in

the Superior Court of the District of Columbia as <u>JNW and SAW, minors, by their</u>

mother and next friend, GAIL R. WILLIAMS v. JEFFREY W. BEAN, SYDNEY O.

SKILLMAN and WASHINGTON LAND COMPANY, INC., 08 CA 3290.  All

pleadings filed in and Orders issued by the Superior Court are attached hereto as

Exhibit A.

Defendants Bean and Skillman are Arizona residents.  Defendant

Washington Land Company, Inc., was a corporation located in the District of

Columbia.  However, that corporation dissolved in September 2001.  See attached

Exhibit B, certificate of revocation.  Under the law of the District of Columbia, the

corporate entity is no longer subject to suit.  D.C. Code Ann., §29-101.97 (1981

Ed.).  See also Fed. R. Civ. P. 17(b)(2); Ripalda v. American Operations Corp., 977

F.2d 1464, 1468 (D.C. Cir. 1992)(noting that state corporate law determines the

suability of a dissolved corporation).  The determination regarding the diversity

of the parties is to be made at the time of the filing of the action.  Id.  Thus, for

purposes of determining diversity, only the citizenship of Defendants Bean and

Skillman should be considered as factors under 28 U.S.C. §1332(a)(1).  Because

there is complete diversity between these Defendants and the Plaintiffs,

jurisdiction in this Court is proper.  Id.

Respectfully submitted,

Jeffrey C. Seaman (466509)
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, NW
Suite 400
Washington, DC  20036-5405
Jseaman@wtplaw.com
(202) 659-6800 (voice)
(202) 331-0573 (facsimile)
*Counsel for Defendants Jeffrey W. Bean and*
*Sydney O. Skillman*


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served via regular

U.S. mail, postage prepaid, this 19th day of June 2008 to:

Raymond L. Marshall
Chason, Rosner, Leary & Marshall, LLC
401 Washington Avenue, 5th Floor
Towson, MD  21204
rmarshall@crimlaw.com

Jeffrey C. Seaman

# EXHIBIT  A

APR 2 1 2008

Sup... ...at ...he
District of Columbia
Washington, D.C.

SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA
CIVIL DIVISION

JNW and SAW, minors, by their          *
mother and next friend, GAIL R.
WILLIAMS                               *
305 Decatur Street, N.W.
Washington, D.C. 20011                 *

    Plaintiffs                       *

    v.                               *

JEFFREY W. BEAN                        *
6666 E. Cheney Drive
Scottsdale, Arizona 85253              *

    and                              *

SYDNEY O. SKILLMAN                     *
6666 E. Cheney Drive
Scottsdale, Arizona 85253              *

    and                              *

WASHINGTON LAND COMPANY,               *
INC.
1804 T St NW                           *
Washington,DC 20009                    *

**SERVE ON:**                          *
Kari Winter Labrie
Resident Agent                         *
1860 California Street, N.W., Unit 302
Washington, D.C. 20009                 *

    Defendants

**08–0003290**

Civil Action No. _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT & JURY DEMAND – LEAD PAINT POISONING

Come now the Plaintiffs, JNW and SAW, minors, by their mother and next

friend, Gail R. Williams, through their attorneys, Raymond L. Marshall and

Chason, Rosner, Leary and Marshall, LLC, and sue the Defendants, Jeffrey W. Bean, Sydney O. Skillman, and Washington Land Company, Inc., and as grounds in support, hereby state:

1. Jurisdiction of this Court is founded on D.C. Code § 11-921.

2. Jeffrey W. Bean resides in Arizona, and at all times relevant to this lawsuit, was an owner of 921 Quincy Street, N.W., Washington, D.C. 20011.

3. Sydney O. Skillman resides in Arizona, and at all times relevant to this lawsuit, was an owner of 921 Quincy Street, N.W., Washington, D.C. 20011.

4. Washington Land Company, Inc. is a D.C. corporation whose charter was revoked on September 10, 2001. At all times relevant to this lawsuit, Washington Land Company, Inc. was the property management company for 921 Quincy Street, N.W., Washington, D.C. 20011.

5. JNW, a minor Plaintiff, was born in 1991.

6. SAW, a minor Plaintiff, was born in 1993.

7. Plaintiffs JNW and SAW, minors, resided and/or spent a substantial amount of time at the property located at 921 Quincy Street, Washington, D.C. 20011, from their dates of birth through approximately 1998.

COUNT ONE
(Negligence)

8. Plaintiffs incorporate by reference the allegations made in the preceding paragraphs as if they were stated herein.

9. Throughout the Plaintiffs' residency at 921 Quincy Street, Washington, DC. 20011, Defendants Jeffrey W. Bean and Sydney O. Skillman owned and

2

controlled, by themselves and/or through the use of agents, servants or employees, that property.

10. Throughout the Plaintiffs' residency at 921 Quincy Street, Washington, DC. 20011, Defendant Washington Land Company, Inc. managed, by itself and/or through the use of agents, servants or employees, that property.

11. The grandmother of the minor Plaintiffs, Gladys Williams, was a tenant of the Defendants at 921 Quincy Street, Washington, D.C.

12. Plaintiffs JNW and SAW, minors, resided and/or spent a substantial amount of time at the property located at 921 Quincy Street, Washington, D.C. 20011 from their birth through approximately 1998

13. Defendants owed a duty of care to the occupants of 921 Quincy Street, Washington, D.C., including to the minor Plaintiffs.

14. Defendants breached the duty of care they owed to the minor Plaintiffs. Both before and after the time the minor Plaintiffs moved into the subject properties, the Defendants had either caused and/or allowed the continued existence of paint containing lead pigment on its exterior and interior walls, doors, floors, ceilings, and woodwork, and knowingly allowed said paint to chip and flake, thereby rendering the dwelling unsafe and dangerous, and unfit for human habitation, especially for children of tender years.

15. The Defendants further breached the duty of care they owed to the minor Plaintiffs as follows:

    a) Applying lead based paint in the subject dwellings;

3

b) Failing to warn the Plaintiffs of the lead hazard which the Defendants and/or the Defendants' agents knew, should have known, or had reason to know existed in the premises;

c) Providing the premises to the Plaintiffs with already chipping, peeling and/or flaking surfaces in violation of the Code of Laws of the District of Columbia, the District of Columbia Municipal Regulations, and other public and local laws of the District of Columbia;

d) Undertaking to paint the premises prior to and/or during the minor Plaintiffs' occupancy and doing so in an unreasonable, incomplete, unworkmanlike and/or illegal manner, which foreseeably resulted in the paint soon chipping, flaking, and peeling, or to remain chipping, flaking, and peeling, and exposing the minor Plaintiffs to hazardous conditions;

e) Failing to correct the condition of the loose, flaking, and peeling paint on interior and exterior surfaces of the dwelling, after notice, either actual or constructive, that the paint was in need of repair when the Defendants and/or their agents, servants, or employees knew, had reason to know, or should have known that the paint was lead based paint, and the Defendants and/or their agents, servants, or employees had a reasonable opportunity to perform these repairs;

f) Failing to completely and safely eradicate a lead paint hazard on the premises, of which the Defendants and/or the Defendants' agents had been advised, had reason to know, or should have known was present;

4

g) Failing to promptly abate the lead hazard after notice, actual or constructive, of the same;

h) Performing the lead abatement in such a fashion as to increase, rather than decrease, the minor Plaintiffs' exposure to lead, including, but not limited to, performing the abatement while the Plaintiffs were still in the dwelling, failing to warn the Plaintiffs of the abatement and the need to vacate the dwelling, using abatement methods which foreseeably increased the lead dust in the premises, performing improper or inadequate clean up, leaving lead debris on the premises or in the vicinity of the premises accessible to the minor Plaintiffs;

i) Renting a property to the Plaintiffs' grandmother and/or any one else on the Plaintiffs' behalf that was not lead-free, which was in violation of Title 14, Section 707.3 of the D.C. Housing Regulations; and/or

j) Failing to properly maintain the common areas and exterior surfaces of the dwelling so as to be free of loose, flaking lead based paint, or lead paint easily accessible to children.

16. At all times mentioned herein, the Defendants and/or the Defendants' agents, servants, or employees who managed the property for the Defendants, were aware of the dangers of lead paint, that older houses often contain lead paint, and that the instant premises was an older house.

17. Further, at the time of the minor Plaintiffs poisoning, the general state of knowledge was such – as a result of legislative enactments, medical research announcements, public health education undertaken by Federal, State, and Local governments and public health organizations, general media publicity in

5

print, radio, and television, publicity by trade and professional organizations of

property owners, and publicity and insurance premium adjustments by the

insurance industry – that owners and property managers of rental property in

general knew, had reason to know, or should have known of the dangers to

children of lead based paint in older houses.

18. The Defendants, and their agents, servants, or employees, were also aware of

these dangers as a result of prior lead violations at this property and at other

properties; as a result of prior or other lead paint claims or lead paint suits; and

as a result of personal exposure to all of the sources of knowledge listed above

in the preceding paragraph.

19. In addition, the Defendants and/or their agents, servants, or employees visited

the premises before and/or during the time the minor Plaintiffs were there, and

at that time observed loose, flaking, and deteriorated paint that was obvious and

easily visible to a passerby on the interior and/or exterior surfaces of the

dwelling, and was seen, or should have been seen, by the person or persons

visiting the dwelling.

20. Complaints regarding the deteriorated paint were also made to the Defendants

and/or their agents before and/or after the minor Plaintiffs were exposed to lead-

based paint, and adequate repairs were not made in response in a timely and

workmanlike fashion.

21. And the Defendants were otherwise negligent by failing to comply with the

common law as well as the District of Columbia's Housing Code and Housing

Regulations, which were enacted in order to protect children from the grave

PAGE 8/15 * RCVD AT 5/8/2008 10:58:33 AM [Central Daylight Time] * SVR:hy0□□□B/44 * DNIS:57703 * CSID:4804430594 * DURATION (mm-ss):02-42

danger posed by exposure to lead-based paint in older homes. In fact, in 1994, the District of Columbia found the presence of lead-based paint in excess of the statutory standards at the subject property.

22. That as a proximate cause of the breaches of the duty of care committed by the Defendants, the minor Plaintiffs were exposed to lead based paint throughout the entire time they lived in the subject dwelling, which caused the minor Plaintiffs to incur and suffer from harmful blood lead levels.

23. As a proximate cause of the breaches of the duty of care committed by the Defendants, the minor Plaintiffs were exposed to the toxic conditions complained of herein in utero and on each and every instance in which the Plaintiffs were present at the property. Each and every instance of exposure resulted in the introduction of lead into the minor Plaintiffs' bloodstream. This lead in the minor Plaintiffs' bloodstream caused immediate permanent cellular damage in each instance. Lead was deposited in the minor Plaintiffs' internal organs – spleen, liver, kidneys -- and in the Plaintiffs' brain and bones. In addition to the aforesaid immediate injury, the lead also caused permanent and continuing chronic injury. Lead, once introduced into the human body, is very, very slowly eliminated. There is medical evidence from autopsy that in the brain it is never eliminated. Lead is released from bone over years, thus, leaving aside the actual period of exposure, even after exposure ceased, the Plaintiffs continued with lead throughout the Plaintiffs' bodies and during that entire following period the Plaintiffs continued to suffer injury, disruption of normal bodily functions, and cellular destruction.

7

24. Because of the disruption of normal cellular processes during critical stages of brain development, the Plaintiffs suffered permanent brain damage. The Plaintiffs also suffered physical pain and mental anguish. The Plaintiffs were exposed to lead at a time when the Plaintiffs' neuropsychological and cognitive development was vulnerable to exposure to toxic lead, which resulted in permanent neorocognitive injuries to each of them.

25. Throughout the period during and after the Plaintiffs' lead exposure, the Plaintiffs have endured the pains and humiliations and anguish caused by abnormal brain development and function as a result of brain damage from lead. As a proximate result of their exposure to lead from the subject dwellings, the minor Plaintiffs will never achieve their full potential. The Plaintiffs do, or likely will, suffer from learning disabilities, shortened attention spans, impulsivity, hyperactivity, extreme difficulty reading, pain, suffering, embarrassment, and/or diminished IQ. As a direct and proximate result of the underlying physical brain damage suffered, the minor Plaintiffs have, or likely will also develop, behavioral and emotional problems.

26. As a proximate cause of their exposure to lead from the Defendants' property, the minor Plaintiffs' employment prospects have been permanently reduced, resulting in a lifetime loss of earnings and diminution of earnings and earning capacity.

WHEREFORE, the Plaintiffs JNW and SAW, minors, by their mother and next friend, Gail R. Williams, each seek judgment, jointly and severally, against

8

Defendants Jeffrey W. Bean, Sydney O. Skillman, and Washington Land Company, Inc. in the amount of five million dollars ($5,000,000.00).

## COUNT TWO
(Negligence per se)

27.  The Plaintiffs incorporate herein by reference all of the preceding allegations.

28.  At the time Defendants Jeffrey W. Bean and Sydney O. Skillman owned 921 Quincy Street, Washington, D.C., Title 14, Section 707.3 of the District of Columbia Housing Regulation was in effect.

29.  At the time Defendant Washington Land Company, Inc. managed 921 Quincy Street, Washington, D.C., Title 14, Section 707.3 of the District of Columbia Housing Regulation was in effect.

30.  District of Columbia Municipal Regulations, Title 14, Section 707.3 was enacted in order to protect persons in the minor Plaintiffs' position and to prevent the type of injury that occurred, namely exposure to lead from lead-based paint.

31.  The minor Plaintiffs were in the class of persons intended to be protected by that afore-mentioned regulatory standard.

32.  The Defendants owned, managed, and/or rented properties that were in violation of Title 14, Section 707.3 of the District of Columbia Housing Regulations and other Housing Regulations.

9

33.  These Defendants knew or should have known that the subject property was in violation of Title 14, Section 707.3 of the District of Columbia Housing Regulations and other Housing Regulations.

34.  These Defendants knew, had reason to know, or should have known that young children under the age of eight years old would be and were living at the subject property.

35.  The Defendants' violation of Title 14, Section 707.3 of the District of Columbia Housing Regulations and other Housing Regulations was a proximate cause of the minor Plaintiffs' injuries.

36.  The Defendants were negligent per se.

WHEREFORE, the Plaintiffs JNW and SAW, minors, by their mother and next friend, Gail R. Williams, each seek judgment, jointly and severally, against Defendants Jeffrey W. Bean, Sydney O. Skillman, and Washington Land Company, Inc. in the amount of five million dollars ($5,000,000.00).

Raymond L. Marshall, # 459352
Chason, Rosner, Leary & Marshall L.L.C.
401 Washington Avenue; 5th Floor
Towson, Maryland 21204
(410) 494-3709
mmarshall@crlmlaw.com
Attorneys for the Plaintiffs

10

JURY DEMAND

Plaintiffs, by their counsel, hereby demand a trial by jury pursuant to Sup.

Ct. Civ. R. 38.

Raymond L. Marshall

11

APR 2 1 2008

Sur... ...ut ...he
District of Columbia
Washington, D.C.

SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA
CIVIL DIVISION

JNW and SAW, minors, by their            *
mother and next friend, GAIL R.
WILLIAMS                                 *        08—0003290
305 Decatur Street, N.W.
Washington, D.C. 20011                   *     Civil Action No. _____

                                         *
         Plaintiffs
                                         *
     v.
                                         *
JEFFREY W. BEAN                          *
6666 E. Cheney Drive
Scottsdale, Arizona 85253                *

         and                             *

SYDNEY O. SKILLMAN                       *
6666 E. Cheney Drive
Scottsdale, Arizona 85253                *

         and                             *

WASHINGTON LAND COMPANY,                 *
INC.
1804 T St NW                             *
Washington, DC 20009
                                         *
**SERVE ON:**
Kari Winter Labrie                       *
Resident Agent
1860 California Street, N.W., Unit 302   *
Washington, D.C. 20009
                                         *
         Defendants
*******************************************************************************

## COMPLAINT & JURY DEMAND – LEAD PAINT POISONING

Come now the Plaintiffs, JNW and SAW, minors, by their mother and next

friend, Gail R. Williams, through their attorneys, Raymond L. Marshall and

Chason, Rosner, Leary and Marshall, LLC, and sue the Defendants, Jeffrey W. Bean, Sydney O. Skillman, and Washington Land Company, Inc., and as grounds in support, hereby state:

1. Jurisdiction of this Court is founded on D.C. Code § 11-921.

2. Jeffrey W. Bean resides in Arizona, and at all times relevant to this lawsuit, was an owner of 921 Quincy Street, N.W., Washington, D.C. 20011.

3. Sydney O. Skillman resides in Arizona, and at all times relevant to this lawsuit, was an owner of 921 Quincy Street, N.W., Washington, D.C. 20011.

4. Washington Land Company, Inc. is a D.C. corporation whose charter was revoked on September 10, 2001. At all times relevant to this lawsuit, Washington Land Company, Inc. was the property management company for 921 Quincy Street, N.W., Washington, D.C. 20011.

5. JNW, a minor Plaintiff, was born in 1991.

6. SAW, a minor Plaintiff, was born in 1993.

7. Plaintiffs JNW and SAW, minors, resided and/or spent a substantial amount of time at the property located at 921 Quincy Street, Washington, D.C. 20011, from their dates of birth through approximately 1998.

**COUNT ONE**
(Negligence)

8. Plaintiffs incorporate by reference the allegations made in the preceding paragraphs as if they were stated herein.

9. Throughout the Plaintiffs' residency at 921 Quincy Street, Washington, DC. 20011, Defendants Jeffrey W. Bean and Sydney O. Skillman owned and

2

controlled, by themselves and/or through the use of agents, servants or employees, that property.

10.  Throughout the Plaintiffs' residency at 921 Quincy Street, Washington, DC. 20011, Defendant Washington Land Company, Inc. managed, by itself and/or through the use of agents, servants or employees, that property.

11. The grandmother of the minor Plaintiffs, Gladys Williams, was a tenant of the Defendants at 921 Quincy Street, Washington, D.C.

12.  Plaintiffs JNW and SAW, minors, resided and/or spent a substantial amount of time at the property located at 921 Quincy Street, Washington, D.C. 20011 from their birth through approximately 1998

13.  Defendants owed a duty of care to the occupants of 921 Quincy Street, Washington, D.C., including to the minor Plaintiffs.

14.  Defendants breached the duty of care they owed to the minor Plaintiffs.  Both before and after the time the minor Plaintiffs moved into the subject properties, the Defendants had either caused and/or allowed the continued existence of paint containing lead pigment on its exterior and interior walls, doors, floors, ceilings, and woodwork, and knowingly allowed said paint to chip and flake, thereby rendering the dwelling unsafe and dangerous, and unfit for human habitation, especially for children of tender years.

15.  The Defendants further breached the duty of care they owed to the minor Plaintiffs as follows:

a)  Applying lead based paint in the subject dwellings;

3

b) Failing to warn the Plaintiffs of the lead hazard which the Defendants and/or the Defendants' agents knew, should have known, or had reason to know existed in the premises;

c) Providing the premises to the Plaintiffs with already chipping, peeling and/or flaking surfaces in violation of the Code of Laws of the District of Columbia, the District of Columbia Municipal Regulations, and other public and local laws of the District of Columbia;

d) Undertaking to paint the premises prior to and/or during the minor Plaintiffs' occupancy and doing so in an unreasonable, incomplete, unworkmanlike and/or illegal manner, which foreseeably resulted in the paint soon chipping, flaking, and peeling, or to remain chipping, flaking, and peeling, and exposing the minor Plaintiffs to hazardous conditions;

e) Failing to correct the condition of the loose, flaking, and peeling paint on interior and exterior surfaces of the dwelling, after notice, either actual or constructive, that the paint was in need of repair when the Defendants and/or their agents, servants, or employees knew, had reason to know, or should have known that the paint was lead based paint, and the Defendants and/or their agents, servants, or employees had a reasonable opportunity to perform these repairs;

f) Failing to completely and safely eradicate a lead paint hazard on the premises, of which the Defendants and/or the Defendants' agents had been advised, had reason to know, or should have known was present;

4

g) Failing to promptly abate the lead hazard after notice, actual or constructive, of the same;

h) Performing the lead abatement in such a fashion as to increase, rather than decrease, the minor Plaintiffs' exposure to lead, including, but not limited to, performing the abatement while the Plaintiffs were still in the dwelling, failing to warn the Plaintiffs of the abatement and the need to vacate the dwelling, using abatement methods which foreseeably increased the lead dust in the premises, performing improper or inadequate clean up, leaving lead debris on the premises or in the vicinity of the premises accessible to the minor Plaintiffs;

i) Renting a property to the Plaintiffs' grandmother and/or any one else on the Plaintiffs' behalf that was not lead-free, which was in violation of Title 14, Section 707.3 of the D.C. Housing Regulations; and/or

j) Failing to properly maintain the common areas and exterior surfaces of the dwelling so as to be free of loose, flaking lead based paint, or lead paint easily accessible to children.

16. At all times mentioned herein, the Defendants and/or the Defendants' agents, servants, or employees who managed the property for the Defendants, were aware of the dangers of lead paint, that older houses often contain lead paint, and that the instant premises was an older house.

17. Further, at the time of the minor Plaintiffs poisoning, the general state of knowledge was such – as a result of legislative enactments, medical research announcements, public health education undertaken by Federal, State, and Local governments and public health organizations, general media publicity in

5

print, radio, and television, publicity by trade and professional organizations of property owners, and publicity and insurance premium adjustments by the insurance industry – that owners and property managers of rental property in general knew, had reason to know, or should have known of the dangers to children of lead based paint in older houses.

18. The Defendants, and their agents, servants, or employees, were also aware of these dangers as a result of prior lead violations at this property and at other properties; as a result of prior or other lead paint claims or lead paint suits; and as a result of personal exposure to all of the sources of knowledge listed above in the preceding paragraph.

19. In addition, the Defendants and/or their agents, servants, or employees visited the premises before and/or during the time the minor Plaintiffs were there, and at that time observed loose, flaking, and deteriorated paint that was obvious and easily visible to a passerby on the interior and/or exterior surfaces of the dwelling, and was seen, or should have been seen, by the person or persons visiting the dwelling.

20. Complaints regarding the deteriorated paint were also made to the Defendants and/or their agents before and/or after the minor Plaintiffs were exposed to lead-based paint, and adequate repairs were not made in response in a timely and workmanlike fashion.

21. And the Defendants were otherwise negligent by failing to comply with the common law as well as the District of Columbia's Housing Code and Housing Regulations, which were enacted in order to protect children from the grave

6

danger posed by exposure to lead-based paint in older homes. In fact, in 1994, the District of Columbia found the presence of lead-based paint in excess of the statutory standards at the subject property.

22. That as a proximate cause of the breaches of the duty of care committed by the Defendants, the minor Plaintiffs were exposed to lead based paint throughout the entire time they lived in the subject dwelling, which caused the minor Plaintiffs to incur and suffer from harmful blood lead levels.

23. As a proximate cause of the breaches of the duty of care committed by the Defendants, the minor Plaintiffs were exposed to the toxic conditions complained of herein in utero and on each and every instance in which the Plaintiffs were present at the property. Each and every instance of exposure resulted in the introduction of lead into the minor Plaintiffs' bloodstream. This lead in the minor Plaintiffs' bloodstream caused immediate permanent cellular damage in each instance. Lead was deposited in the minor Plaintiffs' internal organs – spleen, liver, kidneys – and in the Plaintiffs' brain and bones. In addition to the aforesaid immediate injury, the lead also caused permanent and continuing chronic injury. Lead, once introduced into the human body, is very, very slowly eliminated. There is medical evidence from autopsy that in the brain it is never eliminated. Lead is released from bone over years, thus, leaving aside the actual period of exposure, even after exposure ceased, the Plaintiffs continued with lead throughout the Plaintiffs' bodies and during that entire following period the Plaintiffs continued to suffer injury, disruption of normal bodily functions, and cellular destruction.

7

24. Because of the disruption of normal cellular processes during critical stages of brain development, the Plaintiffs suffered permanent brain damage. The Plaintiffs also suffered physical pain and mental anguish. The Plaintiffs were exposed to lead at a time when the Plaintiffs' neuropsychological and cognitive development was vulnerable to exposure to toxic lead, which resulted in permanent neorocognitive injuries to each of them.

25. Throughout the period during and after the Plaintiffs' lead exposure, the Plaintiffs have endured the pains and humiliations and anguish caused by abnormal brain development and function as a result of brain damage from lead. As a proximate result of their exposure to lead from the subject dwellings, the minor Plaintiffs will never achieve their full potential. The Plaintiffs do, or likely will, suffer from learning disabilities, shortened attention spans, impulsivity, hyperactivity, extreme difficulty reading, pain, suffering, embarrassment, and/or diminished IQ. As a direct and proximate result of the underlying physical brain damage suffered, the minor Plaintiffs have, or likely will also develop, behavioral and emotional problems.

26. As a proximate cause of their exposure to lead from the Defendants' property, the minor Plaintiffs' employment prospects have been permanently reduced, resulting in a lifetime loss of earnings and diminution of earnings and earning capacity.

WHEREFORE, the Plaintiffs JNW and SAW, minors, by their mother and next friend, Gail R. Williams, each seek judgment, jointly and severally, against

PAGE 10/15 * RCVD AT 5/8/2008 10:58:33 AM [Central Daylight Time] * SVR:hÿØ☐☐☐B/44 * DNIS:57703 * CSID:4804430594 * DURATION (mm-ss):02-42

Defendants Jeffrey W. Bean, Sydney O. Skillman, and Washington Land Company, Inc. in the amount of five million dollars ($5,000,000.00).

## COUNT TWO
(Negligence per se)

27. The Plaintiffs incorporate herein by reference all of the preceding allegations.

28. At the time Defendants Jeffrey W. Bean and Sydney O. Skillman owned 921 Quincy Street, Washington, D.C., Title 14, Section 707.3 of the District of Columbia Housing Regulation was in effect.

29. At the time Defendant Washington Land Company, Inc. managed 921 Quincy Street, Washington, D.C., Title 14, Section 707.3 of the District of Columbia Housing Regulation was in effect.

30. District of Columbia Municipal Regulations, Title 14, Section 707.3 was enacted in order to protect persons in the minor Plaintiffs' position and to prevent the type of injury that occurred, namely exposure to lead from lead-based paint.

31. The minor Plaintiffs were in the class of persons intended to be protected by that afore-mentioned regulatory standard.

32. The Defendants owned, managed, and/or rented properties that were in violation of Title 14, Section 707.3 of the District of Columbia Housing Regulations and other Housing Regulations.

9

33. These Defendants knew or should have known that the subject property was in violation of Title 14, Section 707.3 of the District of Columbia Housing Regulations and other Housing Regulations.

34. These Defendants knew, had reason to know, or should have known that young children under the age of eight years old would be and were living at the subject property.

35. The Defendants' violation of Title 14, Section 707.3 of the District of Columbia Housing Regulations and other Housing Regulations was a proximate cause of the minor Plaintiffs' injuries.

36. The Defendants were negligent per se.

WHEREFORE, the Plaintiffs JNW and SAW, minors, by their mother and next friend, Gail R. Williams, each seek judgment, jointly and severally, against Defendants Jeffrey W. Bean, Sydney O. Skillman, and Washington Land Company, Inc. in the amount of five million dollars ($5,000,000.00).

Raymond L. Marshall, # 459352
Chason, Rosner, Leary & Marshall L.L.C.
401 Washington Avenue; 5th Floor
Towson, Maryland 21204
(410) 494-3709
rmarshall@crlmlaw.com
Attorneys for the Plaintiffs

10

## JURY DEMAND

Plaintiffs, by their counsel, hereby demand a trial by jury pursuant to Sup.

Ct. Civ. R. 38.

_____
Raymond L. Marshall

11

# Superior Court of the District of Columbia

## CIVIL DIVISION - CIVIL ACTIONS BRANCH

### INFORMATION SHEET

JNW & SAW, minors, by their mother & next friend, Gail R. Williams

Case Number: _____

Date: 4/25/08 _____

vs

Jeffrey W. Bean, et al _____

| | |
|---|---|
| **Name: (please print)** Raymond L. Marshall | **Relationship to Lawsuit** ☑ Attorney for Plaintiff |
| **Firm Name:** Chason, Rosner, Leary & Marshall, LLC | ☐ Self (Pro Se) Other: _____ |
| Telephone No.: 410-494-3709    Six digit Unified Bar No.: 459352 | |

TYPE OF CASE: ☐ Non-Jury    ☐ 6 Person Jury    ☐ 12 Person Jury
Demand:$ _____    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____  Judge: _____  Calendar #: _____

Case No.: _____  Judge: _____  Calendar #: _____

---

**NATURE OF SUIT:**    *(Check One Box Only)*

**A. CONTRACTS**
- ☐ 01 Breach of Contract
- ☐ 02 Breach of Warranty
- ☐ 06 Negotiable Instrument
- ☐ 15 _____

- ☐ 07 Personal Property
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance

**COLLECTION CASES**
- ☐ 14 Under $25,000 Pltf. Grants Consent
- ☐ 16 Under $25,000 Consent Denied
- ☐ 17 OVER $25,000

**B. PROPERTY TORTS**
- ☐ 01 Automobile
- ☐ 02 Conversion
- ☐ 07 Shoplifting, D.C. Code § 27-102(a)

- ☐ 03 Destruction of Private Property
- ☐ 04 Property Damage

- ☐ 05 Trespass
- ☐ 06 Traffic Adjudication

**C. PERSONAL TORTS**
- ☐ 01 Abuse of Process
- ☐ 02 Alienation of Affection
- ☐ 03 Assault and Battery
- ☐ 04 Automobile-Personal Injury
- ☐ 05 Deceit (Misrepresentation)
- ☐ 06 False Accusation
- ☐ 07 False Arrest
- ☐ 08 Fraud

- ☐ 09 Harassment
- ☐ 10 Invasion of Privacy
- ☐ 11 Libel and Slander
- ☐ 12 Malicious Interference
- ☐ 13 Malicious Prosecution
- ☐ 14 Malpractice Legal
- ☐ 15 Malpractice Medical (including wrongful death)
- ☐ 16 Negligence-(Not Automobile, Not Malpractice)

- ☑ 17 Personal Injury – (Not Automobile, Not Malpractice)
- ☐ 18 Wrongful Death (Not malpractice)
- ☐ 19 Wrongful Eviction
- ☐ 20 Friendly Suit
- ☐ 21 Asbestos
- ☑ 22 Toxic/Mass Torts
- ☐ 23 Tobacco

---

SEE REVERSE SIDE AND CHECK HERE ☑ IF USED

CV-496/July. 07

INFORMATION SHEET,   Continued

| D. OTHERS | | |
|---|---|---|
| **I.** ☐ 01 Accounting<br>☐ 02 Att. Before Judgment<br>☐ 04 Condemnation (Emin. Domain)<br>☐ 05 Ejectment<br>☐ 07 Insurance/Subrogation<br>    Under $25,000 Pltf.<br>    Grants Consent<br>☐ 08 Quite Title<br>☐ 09 Special Writ/Warrants<br>    DC Code § 11 -941 | ☐ 10 T.R.O./Injunction<br>☐ 11 Writ of Replevin<br>☐ 12 Enforce Mechanics Lien<br>☐ 16 Declaratory Judgment<br>☐ 17 Merit Personnel Act (OEA)<br>    (D.C. Code Title 1, Chapter 6)<br>☐ 18 Product Liability<br>☐ 24 Application to Confirm, Modify,<br>    Vacate Arbitration Award<br>    (D.C. Co  de § 16-4315) | ☐ 25 Liens: Tax/Water Consent Granted<br>☐ 26 Insurance/Subrogation<br>    Under $25,000 Consent Denied<br>☐ 27 Insurance/Subrogation<br>    Over $25,000<br>☐ 28 Motion to Confirm Arbitration<br>    Award (Collection Cases Only)<br>☐ 29 Merit Personnel Act (OHR)<br>☐ 30 Liens: Tax/Water Consent Denied |
| **II.** ☐ 03 Change of Name<br>☐ 06 Foreign Judgment<br>☐ 13 Correction of Birth Certificate<br>☐ 14 Correction of Marriage<br>    Certificate | ☐ 15 Libel of Information<br>☐ 19 Enter Administrative Order as<br>    Judgment [D.C. Code §<br>    2 -1802.03(h) or 32-1519(a)]<br>☐ 20 Master Meter (D.C. Code §<br>    42 -3301, et seq.) | ☐ 21 Petition for Subpoena<br>    [Rule 28 -I (b)]<br>☐ 22 Release Mechanics Lien<br>☐ 23 Rule 27 (a)(1)<br>    (Perpetuate Testimony) |

_____
Attorney's Signature

4/25/08
_____
Date

CV -496/July. 07

# Superior Court of the District of Columbia

## CIVIL DIVISION - CIVIL ACTIONS BRANCH

### INFORMATION SHEET

JNW & SAW, minors, by their mother & next friend, Gail R. Williams

vs

Jeffrey W. Bean, et al

Case Number: _____

Date: 4/25/08 _____

| | |
|---|---|
| Name: (please print)  Raymond L. Marshall | Relationship to Lawsuit<br>☑ Attorney for Plaintiff |
| Firm Name:  Chason, Rosner, Leary & Marshall, LLC | ☐ Self (Pro Se)<br>Other: _____ |
| Telephone No.:  Six digit Unified Bar No.:<br>410-494-3709   459352 | |

TYPE OF CASE:  ☐ Non-Jury      ☐ 6 Person Jury      ☐ 12 Person Jury
Demand:$ _____    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____ Judge: _____ Calendar #: _____

Case No.: _____ Judge: _____ Calendar #: _____

---

NATURE OF SUIT:    (Check One Box Only)

**A. CONTRACTS**
☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 15 _____

☐ 07 Personal Property
☐ 09 Real Property-Real Estate
☐ 12 Specific Performance

**COLLECTION CASES**
☐ 14 Under $25,000 Pltf. Grants Consent
☐ 16 Under $25,000 Consent Denied
☐ 17 OVER $25,000

**B. PROPERTY TORTS**
☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102(a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass
☐ 06 Traffic Adjudication

**C. PERSONAL TORTS**
☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile-Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 09 Harassment
☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (including wrongful death)
☐ 16 Negligence-(Not Automobile,
      Not Malpractice)

☑ 17 Personal Injury – (Not
      Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☑ 22 Toxic/Mass Torts
☐ 23 Tobacco

SEE REVERSE SIDE AND CHECK HERE ☑ IF USED

CV-496/July. 07

| D. OTHERS | | |
|---|---|---|
| I. | | |
| ☐ 01 Accounting | ☐ 10 T.R.O./Injunction | ☐ 25 Liens: Tax/Water Consent Granted |
| ☐ 02 Att. Before Judgment | ☐ 11 Writ of Replevin | ☐ 26 Insurance/Subrogation |
| ☐ 04 Condemnation (Emin. Domain) | ☐ 12 Enforce Mechanics Lien | Under $25,000 Consent Denied |
| ☐ 05 Ejectment | ☐ 16 Declaratory Judgment | ☐ 27 Insurance/Subrogation |
| ☐ 07 Insurance/Subrogation | ☐ 17 Merit Personnel Act (OEA) | Over $25,000 |
| Under $25,000 Pltf. | (D.C. Code Title 1, Chapter 6) | ☐ 28 Motion to Confirm Arbitration |
| Grants Consent | ☐ 18 Product Liability | Award (Collection Cases Only) |
| ☐ 08 Quite Title | ☐ 24 Application to Confirm, Modify, | ☐ 29 Merit Personnel Act (OHR) |
| ☐ 09 Special Writ/Warrants | Vacate Arbitration Award | ☐ 30 Liens: Tax/Water Consent Denied |
| DC Code § 11 -941 | (D.C. Co de § 16-4315) | |

| II. | | |
|---|---|---|
| ☐ 03 Change of Name | ☐ 15 Libel of Information | ☐ 21 Petition for Subpoena |
| ☐ 06 Foreign Judgment | ☐ 19 Enter Administrative Order as | [Rule 28 -I (b)] |
| ☐ 13 Correction of Birth Certificate | Judgment [D.C. Code § | ☐ 22 Release Mechanics Lien |
| ☐ 14 Correction of Marriage | 2 -1802.03(h) or 32-1519(a)] | ☐ 23 Rule 27 (a)(1) |
| Certificate | ☐ 20 Master Meter (D.C. Code § | (Perpetuate Testimony) |
| | 42 -3301, et seq.) | |

_____
Attorney's Signature

4/25/08
_____
Date

CV -496/July. 07

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_JNW, ET AL_
Plaintiff

v.

Civil Action No.    08 1055

JUN 19 2008

_JEFFREY W. DEAN, ET AL_
Defendant

The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge **FRIEDMAN, J. PLF** .All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action. (See preceding sentence for judge's initials).

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _Maureen Higgins_
Deputy Clerk

cc: RAYMOND MARSHALL
WASHINGTON LAND CO. INC

929A
Rev. 7/02

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JNW and SAW, minors, by their mother and next friend GAIL R. WILLIAMS | JEFFREY W. BEAN and SYDNEY O. SKILLMAN |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    D.C. (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Raymond L. Marshall Chason, Rosner, Leary & Marshall, LLC 401 Washington Avenue, 5th Floor Towson, MD 21204 (410) 494-3700 | Jeffrey C. Seaman Whiteford, Taylor & Preston, LLP 1025 Connecticut Ave., N.W. Suite 400 Washington, DC 20036 (202) 659-6800 |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

○ 3 Federal Question (U.S. Government Not a Party)

○ 2 U.S. Government Defendant

◉ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ◉ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ◉ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ A. Antitrust

☐ 410 Antitrust

○ B. Personal Injury/ Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ C. Administrative Agency Review

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ E. General Civil (Other) OR ○ F. Pro Se General Civil

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding   ● 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Plaintiff has alleged negligence arising out of lead paint exposure; Defendants have removed the action (diversity)

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   DEMAND $ 5 million   Check YES only if demanded in complaint   JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 6.19.08    SIGNATURE OF ATTORNEY OF RECORD _____

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.