UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JNW and SAW, minors, by their mother and next friend GAIL R. WILLIAMS 305 Decatur Street, N.W. Washington, DC 20011<br><br>　　　　Plaintiffs,<br><br>v.<br><br>JEFFREY W. BEAN 6666 E. Cheney Dr. Scottsdale, AZ 85253<br><br>and<br><br>SYDNEY O. SKILLMAN 6666 E. Cheney Dr. Scottsdale, AZ 85253<br><br>and<br><br>WASHINGTON LAND COMPANY, INC. 1804 T. St., N.W. Washington, DC 20009<br><br>　　　　Defendants. | Case No. _____ |

## ANSWER

Come now the Defendants Jeffrey W. Bean and Sydney O. Skillman, by and through their undersigned counsel, Whiteford, Taylor & Preston, LLP, and for their Answer to the Complaint, state as follows:

## FIRST DEFENSE

The Complaint fails to state a cause of action against these Defendants upon which relief may be granted.

## SECOND DEFENSE

1. The Defendants admit that the Superior Court has jurisdiction over the subject matter pursuant to D.C. Code Ann. § 11-921; however, jurisdiction is also proper in the U.S. District Court, pursuant to 28 U.S.C. §1332.

2. The Defendants admit that Jeffrey W. Bean is a resident of Arizona, and that between 1980 and 2001 Jeffrey W. Bean was an owner of the premises located at 921 Quincy Street, N.W., Washington, D.C. To the extent the allegations of paragraph 2 of the Complaint are inconsistent with the foregoing, they are denied.

3. The Defendants admit that Sydney O. Skillman is a resident of Arizona, and that between 1980 and 2001 Sydney Skillman was an owner of the premises located at 921 Quincy Street, N.W., Washington, D.C. To the extent the allegations of paragraph 2 of the Complaint are inconsistent with the foregoing, they are denied.

4. The allegations of paragraph 4 are admitted.

5. The Defendants deny the allegations of paragraph 5 for lack of knowledge.

6. The Defendants deny the allegations of paragraph 6 for lack of knowledge.

7.    The allegations of paragraph 7 are denied.

## Count One
(Negligence)

8.    The Defendants incorporate the preceding statements by reference in response to paragraph 8.

9.    Because the Defendants do not know when or if the Plaintiffs resided at 921 Quincy Street, N.W., the Defendants admit only that, while they owned the property, agents and managers were responsible for control of the property. To the extent the allegations of paragraph 9 of the Complaint are inconsistent with the foregoing, they are denied.

10.   Because the Defendants do not know when or if the Plaintiffs resided at 921 Quincy Street, N.W., the Defendants admit only that, during the time when the Plaintiffs allegedly resided at the property, it was managed by Washington Land Company, Inc. To the extent the allegations of paragraph 10 of the Complaint are inconsistent with the foregoing, they are denied.

11.   The Defendants admit the allegations of paragraph 11.

12.   The allegations of paragraph 12 are denied for lack of knowledge.

13.   The allegations of paragraph 13 amount to an incomplete statement of law that does not require a response; to the extent a response is required, the allegations are denied.

14.   The allegations of paragraph 14 are denied.

15.   The allegations of paragraph 15 are denied.

16. Because the allegations of paragraph 16 do not define "older house," the Defendants can neither admit nor deny the allegation that they knew that the premises was an "older house." The Defendants deny the remaining allegations against them; as to the remaining Defendant, these answering Defendants do not have knowledge sufficient to permit them to admit or deny the allegations of paragraph 16.

17. The Defendants are without knowledge sufficient to permit them to answer the allegations regarding "the general state of knowledge," and as such the allegations are denied.

18. The allegations of paragraph 18 are denied.

19. The allegations of paragraph 19 are denied.

20. The allegations of paragraph 20 are denied.

21. The allegations of paragraph 21 are denied.

22. The allegations of paragraph 22 are denied.

23. The allegations of paragraph 23 regarding the Plaintiffs are denied. The allegations of paragraph 23 regarding medical science and distribution of lead in the human body are denied for lack of knowledge.

24. The allegations of paragraph 24 are denied.

25. The allegations of paragraph 25 are denied.

26. The allegations of paragraph 26 are denied.

<u>Count Two</u>
(Negligence Per Se)

27. The Defendants incorporate the preceding statements by reference in response to paragraph 27.

28. The allegations of paragraph 28 are admitted in part and denied in part; the regulation has been amended since these Defendants owned the premises.

29. The allegations of paragraph 29 are admitted in part and denied in part; the regulation has been amended since Washington Land Company, Inc. managed the premises.

30. The allegations of paragraph 30 amount to an incomplete statement of law and are thus denied.

31. The allegations of paragraph 31 are denied for lack of knowledge; these Defendants have no knowledge about where the minor Plaintiffs resided or spent a substantial amount of time.

32. The allegations of paragraph 32 are denied.

33. The allegations of paragraph 33 are denied.

34. The allegations of paragraph 34 are denied. The tenants of record were Gladys Williams and Rosella Carrington, both adults. Ms. Williams and Ms. Carrington agreed that they would be the only tenants of the property.

35. The allegations of paragraph 35 are denied.

36. The allegations of paragraph 36 are denied.

### THIRD DEFENSE

The Plaintiffs have failed to serve and/or join as parties persons without whom complete relief cannot be accorded among the present parties.

## FOURTH DEFENSE

The Defendants reserve the right to defend on the basis that the Plaintiffs' claims are barred by the doctrine of estoppel.

## FIFTH DEFENSE

The Defendants reserve the right to defend on the basis that the Plaintiffs' claims are barred by the doctrine of laches.

## SIXTH DEFENSE

The Defendants reserve the right to defend on the basis that the Plaintiff's claims against this Defendant are barred by the applicable statutes of limitation.

## SEVENTH DEFENSE

The Defendants reserve the right to defend on the basis that the Plaintiff's claims against these Defendants are barred by the doctrine of res judicata.

## EIGHTH DEFENSE

The Defendants reserve the right to defend on the basis that the Plaintiffs have failed to mitigate their damages.

## NINTH DEFENSE

The Defendants reserve the right to defend on the basis that the Plaintiffs have released those claims set forth in this action.

## TENTH DEFENSE

The Defendants reserve the right to defend on the basis that the Plaintiffs were contributorily negligent.

ELEVENTH DEFENSE

The Defendants reserve the right to defend on the basis that the Plaintiffs assumed the risk.

TWELFTH DEFENSE

The Defendants reserve the right to defend under the doctrine of accord and satisfaction.

Respectfully submitted,

_____
Jeffrey C. Seaman (466509)
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, NW
Suite 400
Washington, DC 20036-5405
Jseaman@wtplaw.com
(202) 659-6800 (voice)
(202) 331-0573 (facsimile)
*Counsel for Defendants Jeffrey W. Bean and Sydney O. Skillman*

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served via regular U.S. Mail this 19th day of June 2008 to:

Raymond L. Marshall
Chason, Rosner, Leary & Marshall, LLC
401 Washington Avenue, 5th Floor
Towson, MD 21204
rmarshall@crimlaw.com

_____
Jeffrey C. Seaman